IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MERITAGE HOMEOWNERS' ASSOCIATION,

Plaintiff,

v.

OCWEN LOAN SERVICING, LLC

Defendant.

Case No. 6:14-cv-01747-TC

FINDINGS & RECOMMENDATION

COFFIN, Magistrate Judge:

Plaintiff, Meritage Homeowners' Association (HOA), moves the court for an order to remand the case back to Lincoln County Circuit Court. Plaintiff argues that this court lacks subject matter jurisdiction due to an amount in controversy less than $75,000. Plaintiff also seeks attorney's fees and costs from defendant, Ocwen Loan Servicing, LLC. Having considered the motions and related materials, plaintiff's motion should be denied.

FACTUAL BACKGROUND

The underlying dispute in this case arose out of the purchase of a townhome in Newport, Oregon, by two individuals (the

Borrowers) who obtained a loan to purchase the townhome. Plaintiff claims that defendant took complete and exclusive control of the property on March 12, 2014, by changing the locks after the Borrowers filed for bankruptcy, quit making payments on their mortgage that was secured by a deed of trust held by defendant, and vacated the property. Pl.'s Mem. in Supp. of Mot. for Remand, 2. Plaintiff further asserts that to date, defendant has not initiated any foreclosure action on the property or paid any HOA dues or assessments to plaintiff. Id. at 3.

Plaintiff asserts that "because the unit is in a townhome development, the HOA has no choice but to continue to provide services to the unit or other units in the project will be devalued." Id. Plaintiff argues that by locking everyone out of the townhome and, thus, taking exclusive control of the property, by taking no action to foreclose on the property, and by not paying HOA dues, defendant is receiving the benefit of its services without paying for them. Id. Consequently, on September 26, 2014, plaintiff filed an action for declaratory judgment in the Lincoln County Circuit Court seeking a determination that defendant is the owner of the townhome as of March 12, 2014 the date it changed the locks. Id. at 1. Plaintiff's complaint also seeks to have "[defendant's] liability to the HOA [become] effective March 12, 2013, regardless of the date of any foreclosure or subsequent transfer of the property." Pl.'s Compl. ¶ 33.

Plaintiff's complaint also includes claims of quantum meruit for past due HOA dues beginning on the date defendant changed the locks, interest on the unpaid HOA dues, and default collection fees. Pl.'s Mem. at 2. Moreover, plaintiff's complaint seeks damages for devaluation of the property. Id. Specifically, plaintiff's complaint states that "the windows installed on the property are defective, resulting in water intrusion and damage to the property [and] pursuant to [the] CCRs, individual owners are responsible for the maintenance of the windows." Pl.'s Compl. ¶ 14. Finally, plaintiff's complaint seeks attorney's fees, costs, and disbursements, pursuant to the HOA's covenants, conditions, and restrictions (CCR) section 11.3 and ORS 94.719. Id. at ¶ 34.

On November 4, 2014, defendant filed a Notice of Removal (#1) based on diversity jurisdiction and an amount in controversy exceeding $75,000. On November 21, 2014, plaintiff filed the Motion to Remand (#7) that is presently before this court.

## DISCUSSION

Plaintiff claims that this court lacks subject matter jurisdiction due to an amount in controversy less than $75,000. Pl.'s Mem. at 2. Plaintiff claims that through the date of removal, November 4, 2014, defendant owes $60,361.76 for past HOA dues, collection fees and interest on the unpaid dues, a special assessment, and damages for devaluation of the property. Id.

Plaintiff asserts, however, that the amount in controversy does not include attorney's fees, the value of the townhome it seeks to attribute to defendant by way of the declaratory judgment, or the cost of the windows that plaintiff argues are "defective and need to be replaced" by defendant if found to be the owner of the townhome. Id. at 7-9. Finally, plaintiff seeks attorney's fees and costs incurred as a result of its present motion to remand because, defendant had "no objectively reasonable basis for removal." Id. at 10.

Defendant argues that this court has subject matter jurisdiction because "the amount in controversy is more than just what is prayed for by plaintiff, and the court should look at the entirety of the claims at issue." Def.'s Opp'n to Pl.'s Mot. to Remand, 6. Specifically, defendant asserts that the court should consider the property, collateral, and interest in the property in determining the value of the claim and the amount at issue. Id. Moreover, defendant argues that "because this is an action to determine an interest in property, the value of the property alone puts the amount in controversy over the jurisdictional requirement." Id. at 6. In support of its contention that the property alone satisfies the jurisdictional requirement, defendant points to the Borrower's Chapter 13 bankruptcy petition from October 2012, which lists the value of the townhome at $134,000. Id., citing Decl. of Carlos Rasch, 3.

Defendant also argues that if found to be the owner of townhome, pursuant to plaintiff's complaint, it could be held responsible for $126,000 in repairs to the windows under the covenants, conditions and restrictions (CCR). Id., citing Pl.'s Compl. ¶ 14-19. Moreover, defendant points to an invoice it received from plaintiff's counsel on September 3, 2014, that demands $183,037.02 for HOA dues, special assessments, window assessments, interest, fees, and fines. Id. at 3. Defendant also argues that "statutory or contractual fees are included in [the] amount in controversy since plaintiff is alleging th[ese] fees pursuant to the CCR's section 11.3 and ORS 94.719." Id. at 7, citing Pl.'s Compl., ¶ 34.

Federal courts "shall have original [diversity] jurisdiction of all civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and between . . . citizens of different states." 28 U.S.C. § 1332(a). Any civil action brought in a state court of which the United States District Courts have original jurisdiction, may be removed by the defendant to the District Court. 28 U.S.C. § 1441(a). When a plaintiff originally files in federal court, "the amount in controversy is determined from the face of the pleadings." Geographic Expeditions, Inc. v. Estate of Lhotka ex rel., 599 F.3d 1102, 1106 (9th Cir. 2010)(citing Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000)). Further, when a plaintiff

originally files in federal court, "courts are reluctant to dismiss or remand a case unless it appears 'to a legal certainty' that the claim is really for less than the jurisdictional amount." Cohn v. Petsmart, 281 F.3d 830, 837 (9th Cir. 2002) (quoting Hunt v. Wash State Apple Adver. Comm'n, 432 U.S. 333, 347 (1997)).

However, when a case has been removed from state to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the party seeking removal has to burden to prove, by a preponderance of the evidence, that removal is proper and the amount in controversy exceeds $75,000. Cohn, 281 F.3d at 837. "The preponderance of the evidence standard applies because removal jurisdiction ousts state-court jurisdiction and 'must be rejected if there is any doubt as to the right of removal in the first instance.'" Geographic Expeditions, Inc., 599 F.3d at 1106, quoting Gaus v. Miles, Inc., 980 F.2d 564, 566, (9th Cir. 1992). This gives rise to a "strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper." Gaus, 980 F.2d at 566. Consequently, courts "strictly construe the removal statute against removal jurisdiction." Id.

When a removed lawsuit seeks declaratory and injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt 432

U.S. at 347. Moreover, the value of injunctive relief depends on "the value of the right to be protected or the extent of the injury to be prevented." Jackson v. Am. Bar Ass'n, 538 F.2d 829, 831 (9th Cir. 1976). Also, "where an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." Galt v. JSS Scandinavia et al., 142 F.3d 1150, 1155 (1998). Finally, the amount in controversy is to be determined at the date of removal. Abrego v. Dow Chem. Co., 443 F.3d 676, 690 (9th Cir. 2006).

Here, plaintiff's complaint seeks to have defendant declared the owner of townhome and have defendant's liability to the HOA become effective the day it changed the locks, March 12, 2013, regardless of the date of any foreclosure or subsequent transfer of the property. If declared owner of the townhome, plaintiff claims that defendant is responsible for past due HOA dues, collection fees, interest on the unpaid HOA dues, a special assessment, and damages for devaluation of the property, which plaintiff concedes totaled $60,361.76 through the date of removal. Therefore, defendant needs to prove, by a preponderance of the evidence, that there was $14,638.25 more in controversy at the time of removal than plaintiff conceded to in order to satisfy 28 U.S.C. § 1332(a). The court finds that defendant met its burden for the following reasons.

First, the value of the townhome is included in the amount in controversy. Defendant correctly asserts that the object of litigation in plaintiff's Motion for Declaratory Judgment is the townhome, which the Borrowers estimated was worth $134,000 in their October 2012 bankruptcy petition. Although the valuation of the townhome from the Borrower's 2012 bankruptcy petition may have changed over the past two years, this court finds that the value of the home, when combined with the $60,361.76 that plaintiff concedes was in controversy at the date of removal, exceeds $75,000.

Second, even if the court was to assume arguendo that defendant failed to established the requisite jurisdictional amount in controversy above, the court finds that the cost of repairing the windows of the townhome is in controversy and, alone, exceeds $75,000. Plaintiff's complaint states that individual owners are responsible for the maintenance of the windows in their townhome. Plaintiff seeks to have defendant declared the owner of townhome and to have defendant's liability to the HOA become effective the day it changed the locks, March 12, 2013. Consequently, plaintiff's complaint seeks to have defendant's liability to the HOA, and, thus, its liability for the window repairs, become effective retroactively on March 12, 2013. Further, defendant has submitted invoices it received from plaintiff, which state that the window repairs will cost $126,000. As such, the cost of repairing

the windows, $126,000, was in controversy at the date of removal and alone exceeds $75,000.

Finally, the cost of attorney's fees, up to the date of removal, are included in the amount in controversy. Plaintiff's complaint seeks attorney's fees pursuant to ORS 94.719. ORS 94.719 states that "in any suit brought by an [HOA] to . . . collect delinquent assessments or in any suit . . . to enforce compliance with the . . . rules or regulations adopted by the association, the prevailing party shall be entitled to recover reasonable attorney fees therein." ORS 94.719. Because the underlying statute plaintiff relies on authorizes an award of attorney fees, plaintiff's attorney's fees, up to the date of removal, may be included in the amount in controversy. Galt, 142 F.3d at 1155. However, the record before the court fails to specify the amount of attorney's fees that would be due to plaintiff through the date of removal and this court declines to speculate what that amount might be. This point, however, is moot because, as stated above, defendant has proved by a preponderance of the evidence that the amount in controversy exceeded $75,000.

CONCLUSION

For the reasons stated above, plaintiff's Motion to Remand (#7) should be DENIED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment of appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation

Dated this 25th day of March 2015.

THOMAS M. COFFIN
United States Magistrate Judge