UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MERITAGE HOMEOWNERS'
ASSOCIATION,

6:14-CV-1747-TC

Plaintiff,

v.

FINDINGS & RECOMMENDATION AND
ORDER

OCWEN LOAN SERVICING, LLC.,

Defendant.

COFFIN, Magistrate Judge:

Presently before the court are defendant OCWEN's motions to dismiss and for summary
judgment

The underlying dispute in this action arose out of the purchase of a town home unit in Newport,
Oregon that was obtained with a loan. The large windows in the unit had major leaks and the
owner declared bankruptcy. Plaintiff homeowner association alleges defendant OCWEN , which
services the loan of the first priority lender, took exclusive possession and control of the unit by
changing the locks and has refused to either: fix the windows so that they stop damaging the

Page 1 - FINDINGS & RECOMMENDATION AND ORDER

homeowner associations' property; pay a share of common expenses; or foreclose so as to turn the unit over to an owner who will take responsibility for its condition.

Plaintiff does not allege that defendant OCWEN is the unit owner. Plaintiff alleges that it brings this action solely on defendant OCWEN's conduct which plaintiff alleges is inequitable. Plaintiff alleges that it is bringing claims directly against defendant OCWEN and that liability is independent of any liens. P.p. 26 and 27 of Plaintiff's Response(#28), including footnote 4. Plaintiff is not asserting or foreclosing a lien and not bringing suit under Oregon's Planned Community Act, ORS 94.550 et seq. Id. As to HOA assessments and fees in this action, plaintiff assets that it only seeks HOA assessments and fees in its quantum meruit claim that arose after defendant took exclusive ownership and control of the unit pursuant to a deed of trust and not before such time. Id. ; p. 23 of Plaintiff Response (#28). [1]

## STANDARDS

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted. " Fed. R. Civ. P. 12 (b)(6). In considering a motion to dismiss made pursuant to 12(b)(6), the court views well pleaded factual allegations as true, but also requires the complaint to contain enough facts to state a claim that is plausible on its face. Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007) (concluding that prior review standard —affirming dismissal only when it appears beyond doubt that plaintiffs can prove "no set of facts" in support of their claim that would entitle them to relief – "has earned its retirement.")

---

[1]Based on the current record, as discussed subsequently, the Planned Community Act does not appear to block this action at this time.

Page 2 - FINDINGS & RECOMMENDATION AND ORDER

The requirements for pleading a federal claim in federal court were recently set forth in <u>Ashcroft</u>

<u>v. Iqbal</u>, 129 S. Ct. 1937 (2009):

> As the Court held in <u>Twombly</u>, 127 S.Ct. 1955, the pleading standard
> Rule 8 announces does not require 'detailed factual allegations,' but
> it demands more than an unadorned, the-defendant-unlawfully-
> harmed-me accusation....   To survive a motion to dismiss, a
> complaint must contain sufficient factual matter, accepted as true, to
> 'state a claim for relief that is plausible on its face.' A claim has facial
> plausibility when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the defendant is liable for
> the misconduct alleged.

<u>Id.</u> at 1949.

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits
> show that there is no genuine issue as to any material fact and that the movant is
> entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. <u>Anderson v. Liberty Lobby,</u>

<u>Inc.</u>, 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists

or that a material fact essential to the nonmovant's claim is missing. <u>Celotex Corp. v. Catrett</u>, 477

U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant

to produce specific evidence to establish a genuine issue of material fact or to establish the existence

of all facts material to the claim. <u>Id.</u>; <u>see also</u>, <u>Bhan v. NME Hosp., Inc.</u>, 929 F.2d 1404, 1409 (9th

Cir. 1991); <u>Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc.</u>, 210 F.3d 1099, 1105 (9th Cir.

2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials

in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for

trial." Fed. R. Civ. P. 56(e).

Page 3 - FINDINGS & RECOMMENDATION AND ORDER

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## DISCUSSION

As previously stated, defendant OCWEN seeks summary judgment and dismissal of all of plaintiff's claims.

Equitable Subordination Claim

Plaintiff home owner association alleges that it is prepared to replace the defective windows and repair damage and seeks equitable subordination so that any proceeds from the sale of the unit would be used to repay plaintiff the cost of the replacement and repair prior to payments to OCWEN on its lien. Plaintiff does not seek subordination under the bankruptcy code in this action . P. 25 of Plaintiff's Response (#28) . Rather, plaintiff seeks equitable relief based on the facts specific to this case, which plaintiff alleges are OCWEN's inequitable actions and conduct while in exclusive possession and control of the unit. Id . Plaintiff seeks equitable subordination only for the costs of repairs if they are incurred and not homeowner fees. See, id .

As to the equitable subordination/ equitable subrogation claim, OCWEN cites the Oregon Court of Appeals in Dimeo v. Gesik, 195 Or App. 362, (2004) and states that "the court specifically stated that the equitable subordination doctrine does not apply in Oregon 'unless the lender proves that it

Page 4 - FINDINGS & RECOMMENDATION AND ORDER

was ignorant of the existence of the intervening lien and that its ignorance was not a result of inexcusable negligence.' Dimeo at 369 (emphasis added). " p. 12 of Motion for Summary Judgment (#37). However, Dimeo is not directly on point , and it also is not as definitive of Oregon law as OCWEN has stated. The Dimeo Court noted "Indeed, whether existence of the existing liens should be required for equitable subrogation is the topic of some debate. See generally, Restatement (Third) of Property: Mortgages , §7.6 comment e (1997) ('Under this Restatement ... subrogation can be granted even if the payor had actual knowledge of the intervening interest; the payor's notice, actual or constructive, is not necessarily relevant.....'' Footnote 6 , 195 Or. App. at 371. Dimeo also noted that questions of priority and subordination, in equitable subrogation and related contexts, turn to some degree on the competing equities in specific cases. Dimeo 195 Or. App. at 370. Moreover, Dimeo noted that the doctrine of equitable subrogation is founded on principles of equity and benevolence,  and, as such, is necessarily a flexible concept. Dimeo at 371. [2]

The granting of the motions for  summary judgment and dismissal are  not appropriate in the present case at this time. Even if there were not manifest factual disputes present, it would be better to proceed to a full trial on the equitable subordination  claim because in the circumstances of this case a fuller record will afford a more substantial basis for decision. See Andersen v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Anderson v. Hodel, 899 F.2d 766, 770-771 (9th Cir. 1990) .

_____

[2]It is also worth noting that in the first appeal of the Dimeo case , the Court of Appeals emphasized that it was being asked to reverse the trial court's granting of summary judgment as a matter of law and that the matter  simply was  not one that could  be resolved by way of summary judgment. Dimeo v. Gesik, 164 Or. App. 567 , 572 (1999).  Again, the underlying case is not directly on point, but is helpful nonetheless.

Page 5 - FINDINGS & RECOMMENDATION AND ORDER

Quantum Meruit Claim

    In moving against plaintiff's quantum meruit claim, OCWEN focuses on the element of the claim requiring judicial recognition that, under the circumstances, it would be unjust to allow retention of a benefit without requiring the recipient to pay for it, and that for such injustice to be found one of three things must be true:

1) the recipient has reasonable expectation of payment;

2) the defendant should have reasonable expectations to pay; or

3) society's reasonable expectations of security of person or property would be defeated by non-payment.  P. 5 of OCWEN's Reply in Support (#30).

    The requirement for reasonableness under the circumstances makes the granting of the motions for summary judgment and dismissal not appropriate in the present case at this time. Even if there were not manifest factual disputes present, it would be better to proceed to a full trial on the quantum meruit claim because in the circumstances of this case a fuller record will afford a more substantial basis for decision. See Andersen v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Anderson v. Hodel, 899 F.2d 766, 770-771 (9th Cir. 1990) .

Tortious Breach of Good Faith and Fair Dealing Claim

    Plaintiff also brings a claim for a tortious breach of the covenant of good faith and fair dealing. However, as OCWEN has demonstrated , this particular claim requires a special relationship between the parties that is not present. The special or fiduciary relationship in the context of this claim does not exist in an arms length transaction, see Susitna Ltd. V. Pacific First Federal, 118 Or. App. 126, 129-130 (1993), and plaintiff and OCWEN, in some ways, have competing security

Page 6 - FINDINGS & RECOMMENDATION AND ORDER

interests in the property at issue. Plaintiff's tortious breach of the covenant of good faith and fair dealing fails and such claim should be dismissed.

OCWEN's Other Arguments Are Not Persuasive

OCWEN's other arguments do not change the outcome of the present motions. For example, OCWEN has made conclusory arguments that there are unjoined necessary parties in this action, but has not adequately demonstrated such at this time in the proceedings. OCWEN has also argued that plaintiff is judicially estopped from asserting its claims because plaintiff has taken inconsistent positions as to who owns the unit, but OCWEN's argument fails because plaintiff does not allege that OCWEN is the unit owner.

CONCLUSION

Defendant OCWEN's motions (#31, #27-1) for judicial notice are allowed.    Defendant OCWEN's  motions (#27, #37) to dismiss and for summary judgment should be allowed as to the breach of covenant of good faith and fair dealing claim and should be denied as to the other claims.

DATED this 21 day of March, 2016.

THOMAS M. COFFIN
United States Magistrate Judge

Page 7 - FINDINGS & RECOMMENDATION AND ORDER